[Civ. No. 1381.  Third Appellate District.—October 11, 1915.]

# U. S. MARSHALL, Respondent, v. JAMES POPERT, Appellant.

ATTACHMENT—ACTION BY JUDGMENT DEBTOR AGAINST GARNISHEE—AFFIRMANCE OF JUDGMENT UPON AUTHORITY—DISTINGUISHING FEATURE.—The appeal from the judgment in this case is affirmed upon the authority of *Marshall* v. *Wentz, ante,* p. 540 (decided October 8, 1915), wherein the facts were the same, except that the answer alleged the insolvency of the judgment debtor, which was omitted herein, and which became material in determining the sufficiency of the complaint in not containing a direct averment that the judgment of the plaintiff had not been paid.

ID.—PLEADING—NONPAYMENT OF JUDGMENT—LACK OF DIRECT AVERMENT—ANSWER—ALLEGATION OF PART SATISFACTION—SUFFICIENCY OF COMPLAINT.—In an action by a judgment creditor against a garnishee, the failure to allege in the complaint by direct averment that the judgment was unpaid at the time of the commencement of the action, is not a sufficient ground for reversal, where it is alleged that an execution had been issued and returned unsatisfied, and in the amended answer that a certain sum had been paid on such judgment and that it had been satisfied to such extent.

APPEAL from a judgment of the Superior Court of Sacramento County.  Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

George L. Popert, and Meredith, Landis & Chester, for Appellant.

H. S. Derby, and R. L. Shinn, for Respondent.

THE COURT.—The facts in this case are, in all essential features, like the case of *Marshall* v. *Wentz,* (No. 1388), *ante* p. 540, [153 Pac. 244], in which an opinion was filed October 8, 1915.

Upon the authority of that case the judgment is affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on November 10, 1915, and the following opinion then rendered thereon:

THE COURT.—In this case a decision was filed, on October 11, 1915, as follows: "The facts in this case are, in all essential features, like the case of *Marshall* v. *Wentz*, (Civ. No. 1388), *ante*, p. 540, [153 Pac. 244], in which an opinion was filed October 8, 1915. Upon the authority of that case the judgment and order are affirmed."

We are satisfied with the above decision and opinion except in one particular. As counsel in his petition points out, it is true that the record in this case differs from the record in the Wentz case in this: In the Wentz case there was no amended answer and the motion for judgment on the pleadings was granted upon the complaint and answer. In this case, before the motion for judgment on the pleadings was granted, the original answer had been stricken out and an amended answer filed, and, as counsel says, at the time the motion for judgment was granted the original answer, having been stricken out, could not be considered.

The point becomes material in this: In the Wentz case the answer alleged the insolvency of the corporation and in our opinion, in considering the claim made that the complaint did not show that the judgment of the plaintiff against the corporation had not been paid, it is said: "It is the duty of the court to examine the entire record to determine whether prejudicial error has been committed. The defendant's verified answer is a part of the record and may be considered. The complaint shows execution issued and returned unsatisfied a short time before bringing this action and the defendant in his answer alleges: 'That at the time the plaintiff obtained said alleged judgment against said California Corporation that the said California Corporation was insolvent and had many creditors and was unable to pay said creditors.' Taking the whole record together, it appears with sufficient certainty that plaintiff's judgment has not been paid, that plaintiff tried to collect it by execution and could not, and that the corporation has been at all times since it was rendered, insolvent and unable voluntarily to pay it," and in support of this view authorities are cited.

It follows that that portion of the opinion in the Wentz case above quoted wherein reference is made to the allegation of the answer "that the said California Corporation was insolvent" and unable to pay its debts does not apply to the record in this case. Ignoring the original answer in this

case and turning to the amended answer, we find this allegation: The defendant "alleges that prior to the commencement of this action the judgment for three thousand nine hundred and twenty-one ($3,921.00) dollars and interest, given on June 16, 1914, in and by the superior court in favor of U. S. Marshal and against the California Corporation was satisfied to the extent of one thousand two hundred thirty-four and 83/100 ($1,234.83) dollars by said California Corporation."

Accepting counsel's view of the law as stated in his petition for a rehearing that a pleading must be construed most strongly against the pleader, when defendant alleges that a certain sum has been paid on the judgment he, in substance and effect, alleged that no more than the sum stated had been paid, and that at the commencement of this action there was unpaid to the plaintiff from the California Corporation upon the judgment the sum of $2,686.17.

We are of the opinion that, while it is true, as counsel contends, that the amended answer does not allege the insolvency of the corporation, it does allege facts which, being considered in connection with the allegations of the complaint, show with more certainty than did the record in the Wentz case that the judgment against the corporation was, when this action was brought, unpaid to the extent of $2,686.17.

The petition for a rehearing is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 8, 1915.